```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 25-11645-WGY |
| CITY OF NEW BEDFORD, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 25-11921-WGY |
| ASTRAZENECA PHARMACEUTICALS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**January 22, 2026**

YOUNG, D.J.

Pro se plaintiff "John Doe" has commenced the two above-captions cases in this Court and filed motions for leave to proceed in forma pauperis (in addition to other motions).

Doe has brought to the Court's attention that he is under a state order of guardianship.  See Doe v. City of New Bedford, C.A. No. 25-11645-WGY (Dkt. ## 10, 10-1) (sealed).  In light of

that guardianship, it appears that, as a matter of law, Doe cannot litigate these cases as a pro se litigant.

Under the Federal Rules of Civil Procedure, whether an individual who is not acting in a "representative capacity" is has capacity to sue or be sued is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b)(1).  In turn, the Massachusetts Rules of Civil Procedure provide:

> Whenever an infant or incompetent person, or an incapacitated person as defined in G.L. c.190B has a representative, such as a guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person, or incapacitated person as defined in G.L. c.190B.

Mass. R. Civ. P. 17(b).  In turn, under M.G.L. ch. 190B, an "[i]ncapacitated person" is defined as "an individual for whom a guardian has been appointed under part 3 of article V."  M.G.L. ch. 190B § 1-201(22).  It appears from the papers Doe submitted that a guardian has been appointed to him under that statute.  If that guardianship is still intact, Doe lacks legal capacity to bring these lawsuits.[1]

Accordingly, the Court hereby orders:

1.  The motions for leave to proceed in forma pauperis in these two actions are GRANTED.

---

[1] This Court is without jurisdiction to vacate or overturn any state court guardianship order.

    2.    The motions to proceed under a pseudonym are <u>conditionally</u> GRANTED, but the Court will reconsider the issue should summonses later issue in either of these cases.

    3.    The Court will dismiss these lawsuits without prejudice unless, within thirty-five (35) days, Doe shows the Court that he is not subject to a guardianship under M.G.L. ch. 190B §§ 5-301 to 5-313, or he voluntarily dismisses these actions.

    4.    All other motions are DENIED without prejudice to renewal should the Court determine that, under state law, Doe has capacity to sue without being represented by a guardian.

    SO ORDERED.

                                    /s/ William G. Young
                                    WILLIAM G. YOUNG
                                    DISTRICT JUDGE